**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| LINDA SCHUMACHER, ROBB ISRAEL, SURENA ISRAEL, and MIRANDA THORPE, Washington Individual Providers,<br><br>Plaintiffs,<br><br>v.<br><br>JAY INSLEE, in His Official Capacity as Governor of the State of Washington; CHERYL STRANGE, in Her Official Capacity as Acting Secrretary of the Washington Department of Social and Health Services, SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE 775NW, a labor organization,<br><br>Defendants. | Case No. 18-5535<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES – CLASS ACTION** |

## INTRODUCTION

1. This class action case concerns whether it is constitutional for a state to deduct union dues from state subsidized home care workers' wages absent their clear, prior, affirmative consent.

2. Plaintiffs Linda Schumacher, Robb Israel, Surena Israel, and Miranda Thorpe and class members are "Individual Providers" ("Providers") who provide in-home care to disabled or

1  elderly individuals enrolled in Washington's Medicaid-funded homecare program. Providers are

2  public employees "[s]olely for the purposes of collective bargaining[.]" RCW 74.39A.270. The

3  State has certified Service Employees International Union 775 ("SEIU") to represent providers in

4  collective bargaining. Plaintiffs and class members are not union members and never consented

5  for the union or the State to withdraw union dues or dues equivalent fees from their wages, yet

6  the State deducted such fees from their pay since they became Providers. Plaintiffs have objected

7  to union membership and the payment of any dues. SEIU will not repay these deducted dues or

8  fees.

9      3.    RCW 41.56.113(1)(b)(i) and Section 4.1 of the 2015-2017 and 2017-2019

10 Collective Bargaining Agreements between the State and SEIU compel the State to deduct 3.2%

11 of Plaintiffs' and class members' wages and remit them to SEIU without Plaintiffs' or class

12 members' clear, prior, affirmative consent ("opt-out scheme"). The statutes, collective bargaining

13 agreements, and Defendants' actions taken pursuant to them are all unconstitutional.

14 **II. JURISDICTION AND VENUE**

15     4.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, because it

16 arises under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C § 1983.

17 This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other

18 relief, including preliminary and permanent injunctive relief, pursuant to Rule 65 of the Federal

19 Rules of Civil Procedure.

20     5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and intra-district

21 assignment to the Tacoma Division is proper because the claims arise in this judicial district and

22 division and Defendants do business and operate in this judicial district and division.

23

24

## III. PARTIES

6. Linda Schumacher, Robb Israel, Surena Israel, and Miranda Thorpe and class members are Washington Individual Providers who provide in-home care to elderly and/or disabled individuals who are clients of Washington's Medicaid program. The Providers receive state subsidies for the care they each provide. The State has deducted union dues and/or dues equivalent fees from each Plaintiff without his or her clear, prior, affirmative consent and remitted those dues and/or fees to SEIU 775. Plaintiffs have objected to union membership and the payment of any union dues.

7. Defendant Jay Inslee is Governor of Washington and is sued in his official capacity. As Governor, Defendant Inslee is Washington's chief executive officer and Providers' employer "solely for the purposes of collective bargaining" pursuant to RCW 74.39A.270.

8. Defendant Cheryl Strange is the Director of the Washington Department of Social and Health Services ("DSHS"), and is sued in her official capacity. DSHS is the state agency responsible for administering personal care services under the state's various Medicaid programs. Defendant Cheryl Strange by and through DSHS is charged with the responsibility of issuing subsidy payments to Providers, including Plaintiffs and class members, deducting union dues and/or fees from those subsidies, and remitting the deducted monies to SEIU 775.

9. Defendant SEIU Local 775 ("SEIU" or "SEIU 775") is a labor union conducting business and operations throughout the State of Washington with its headquarters located at 1914 N. 34th Street, Suite 100, Seattle, WA 98103. SEIU is the exclusive bargaining representative of Individual Providers pursuant to RCW 74.39A.270(2)(a), RCW 41.56.028, and *In re SEIU Local 775*, Decision 8241 at 2 (Oct. 9, 2003).[1]

---

[1] Also available at https://decisions.perc.wa.gov/waperc/decisions/en/item/171616/index.do (last visited June 27, 2018).

## IV. STATEMENT OF FACTS

10. Providers provide personal care or respite care services to functionally disabled persons and/or the elderly who are recipients of Washington Medicaid, or provide respite care or residential services and support to persons with developmental disabilities, under chapter RCW 71A.12, or provide respite care as defined in RCW 74.13.270. RCW 74.39A.240(3).

11. Three Medicaid programs, Medicaid Personal Care, the COPES waiver program, and the New Freedom waiver, are the primary funding sources for in-home services and are the source of funds paid to Providers to provide care to Washington Medicaid recipients. These funds are paid to Providers by DSHS. In-home care beneficiaries are eligible for Medicaid benefits. These programs exist to benefit the disadvantaged, disabled, and/or elderly individuals who need home care to avoid being permanently institutionalized.

12. Plaintiffs, like thousands of fellow Providers, never provided clear, prior, affirmative consent for union dues/fees deductions. Neither Plaintiffs nor class members waived their First Amendment right to not financially support a labor union. Without prior, affirmative consent to do so, the State automatically deducted dues equivalent fees from their paychecks since Plaintiffs became Providers, pursuant to RCW 41.56.113(1)(a)-(b). The State remitted the deducted monies to SEIU, thereby depriving Providers of full wages.

13. The 2013-2015 Collective Bargaining Agreement between the State of Washington and SEIU ("2013-2015 CBA"),[2] and every CBA prior, contained a union security provision requiring every Provider to, "as a condition of employment and continued eligibility to receive payment for services provided, become and remain a member of the Union paying the periodic dues, *or for nonmembers of the Union, the fees uniformly required*" which were equal to the full

---

[2] Available at http://www.ofm.wa.gov/labor/agreements/13-15/nse_hc.pdf (last visited June 29, 2018).

dues required to maintain union membership. 2013-2015 CBA Art. 4.1. (Emphasis added.)

14. On September 26, 2014, the State and SEIU entered a Memorandum of Understanding[3] ("2014 MOU") which amended the 2013-2015 CBA by removing the provision compelling every Provider to pay union dues or fees. But the MOU still required the State to deduct full union dues from all Providers unless and until 1) the Providers affirmatively informed SEIU that they do not wish to join or financially support the union and 2) SEIU informed the state that the deduction should cease. 2013-2015 CBA App. 5. Defendants also included this provision in the 2015-2017 CBA.[4]

15. The 2017-2019 Collective Bargaining Agreement between the State and SEIU ("2017-2019 CBA")[5] contains a similar automatic wage seizure requirement which still requires the State, "in accordance with RCW 41.56.113(1)(b)(i),"[6] to deduct dues equivalent fees from nonunion Providers who have not affirmatively consented to such deductions, until Providers

---

[3] Available in the Appendix of the 2013-2015 CBA at http://www.ofm.wa.gov/labor/agreements/13-15/nse_hc.pdf (last visited June 29, 2018).
[4] Available at http://www.ofm.wa.gov/labor/agreements/15-17/nse_homecare.pdf (last visited June 29, 2018).
[5] Available at https://ofm.wa.gov/sites/default/files/public/legacy/labor/agreements/17-19/nse_homecare.pdf (last visited June 29, 2018).
[6] RCW 41.56.113(1)(a)-(b) reads, in relevant part,
    This subsection (1) applies only if the state makes the payments directly to a provider.

    (a) Upon the written authorization of an individual provider . . . within the bargaining unit and after the certification or recognition of the bargaining unit's exclusive bargaining representative, the state as payor, but not as the employer, shall, subject to (c) of this subsection, deduct from the payments to an individual provider . . . the monthly amount of dues as certified by the secretary of the exclusive bargaining representative and shall transmit the same to the treasurer of the exclusive bargaining representative.

    (b) If the governor and the exclusive bargaining representative of a bargaining unit of individual providers . . . enter into a collective bargaining agreement that:

        (i) Includes a union security provision authorized in RCW 41.56.122, the state as payor, but not as the employer, shall, subject to (c) of this subsection, enforce the agreement by deducting from the payments to bargaining unit members the dues required for membership in the exclusive bargaining representative, or, for nonmembers thereof, a fee equivalent to the dues;

affirmatively inform the union that they object to union membership and fee payments.[7] 2017-2019 CBA Art. 4.1(A).

16. Defendants' opt-out scheme is prohibited by the First Amendment to the United States Constitution, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983. Defendants are state actors acting under the color of state law—specifically, RCW 41.56.113(1)(b)(i) and Article 4.1 of the 2015-2017 and 2017-2019 Collective Bargaining Agreements.[8] Defendants also conspired to deprive Plaintiffs and class members of their First Amendment rights by deducting union dues from Plaintiffs' and class members' wages without their clear, prior, affirmative consent. Defendants deprived Plaintiffs and class members of their rights, privileges, and immunities against compelled speech and compelled association under the First and Fourteenth Amendments to the United States Constitution by the State's automatic seizure of monies from Plaintiffs and class members and SEIU's use of the seized monies without Plaintiffs' or class members' clear, prior, affirmative consent.

17. At the time Defendants began deducting union dues/fees from Plaintiffs, and at all times prior to objecting to union membership and the payment of any union dues/fees, Plaintiffs were unable to make an informed choice regarding whether to pay union dues/fees or become union members.

18. Only SEIU, not State Defendants, is authorized to discuss Plaintiffs' and class members' constitutional rights with Plaintiffs.

---

[7] Art. 4.1(A) reads, "In accordance with RCW 41.56.113(1)(b)(i), the State as payor, but not as the employer, shall cause the appropriate entity or agency to deduct the amount of dues or, for non-members of the Union, a fee equivalent to the dues from each home care worker's payment for services (paycheck or direct deposit)."

[8] Available at http://www.ofm.wa.gov/labor/agreements/15-17/nse_homecare.pdf (last visited June 27, 2018) and https://ofm.wa.gov/sites/default/files/public/legacy/labor/agreements/17-19/nse_homecare.pdf (last visited June 27, 2018).

19. The 2015-2017 and 2017-2019 collective bargaining agreements only authorize SEIU to notify Providers of their constitutional rights.

20. State Defendants rely on SEIU to notify them regarding Provider objections to union membership and the payment of any union dues/fees.

21. State Defendants will not honor Provider objections to union membership and the payment of any union dues/fees when submitted directly to State Defendants.

22. Plaintiffs object to positions SEIU maintains during collective bargaining, as well as issues and candidates supported by SEIU.

23. Despite the unconstitutionality of their opt-out scheme, Defendants deducted dues equivalent union fees from the wages of Providers without their clear, prior, affirmative consent and remit them to SEIU.

24. Doing so is unconstitutional and violates Providers' First Amendment rights. Defendants knew or should have known their actions described herein were unconstitutional.

## V. CLASS ALLEGATIONS

25. Plaintiffs bring this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and (b)(2), and, alternatively, 23(b)(3), for themselves and for all others similarly situated, and any subclasses deemed appropriate by this Court. The class consists of all individuals: 1) who are Providers as defined in paragraphs 11-12 above; 2) from whom the State has deducted union dues and/or dues-equivalent fees and remitted them to SEIU; 3) who did not provide clear, prior, affirmative consent for such deductions; 4) who objected to union membership and the payment of any union dues/fees; and 5) who are not members of the union and never consented to union membership. The class includes everyone who comes within the class definition at any time from three years prior to the commencement of this action until the

1 conclusion of this action.

2     26. Upon information and belief, there are hundreds, likely thousands, of class 3 members. Their number is so numerous and in varying locations and jurisdictions across 4 Washington that joinder is impractical.

5     27. There are questions of law and fact common to all class members, including 6 Plaintiffs. Factually, the State deducted union dues and/or dues equivalent fees from all class 7 members without their clear, prior, affirmative consent and each class member objected to union 8 membership, objected to any dues/fee payments, and never consented to union membership. No 9 class member has received a refund of the wages deducted by the State without their clear, prior, 10 affirmative consent. The question of law is the same for all class members: does this violate the 11 Plaintiffs' and class members' First Amendment rights.

12     28. Plaintiffs' claims and defenses are typical of other members of the class because 13 the State seized union fees from each class member without his or her clear, prior, affirmative 14 consent, objected to union membership, objected to any dues/fees payments, never consented to 15 union membership, and each member has not been refunded fees seized from their wages. The 16 State and SEIU owe an identical duty with regards to these claims to Plaintiffs and all other class 17 members.

18     29. Plaintiffs can fairly and adequately represent the interests of the class and have no 19 conflict with other, similarly situated class members. Plaintiffs also have no interest antagonistic 20 to others who have been subjected by the State and SEIU to the payment of any union dues or 21 fees without their clear, prior, affirmative consent, objected to union membership, objected to any 22 union dues/fee payments, never consented to union membership, and who have not received a 23 refund of those dues/fees.

24

30. Defendants' duty to cease union dues/fee deductions without clear, prior, affirmative consent and duty to fully refund such deductions to Plaintiffs and class members without their clear, prior, affirmative consent applies equally to all in the respective class, and the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants.

31. Defendants have acted to deprive Plaintiffs and each member of the class of their constitutional rights on grounds generally applicable to all, thereby making appropriate declaratory, injunctive, and other equitable relief with regard to the class as a whole.

32. The Plaintiffs and class are represented by the undersigned counsel pro bono. Counsel is employed by a long established charitable organization experienced in furnishing representation to unionized public and partial-public employees whose constitutional rights have been violated.

33. A class action can be maintained under Rule 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, in that the important and controlling questions of law and fact are common to all members of the class, i.e., whether Defendants' refusal to cease the deduction of union dues/fees without clear, prior, and affirmative consent and to fully refund such deducted wages violates the First Amendment. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in as much as the individual class members in the class are deprived of the same rights by Defendants' actions, differing only in the immaterial aspect of the amount of money deducted. This fact is known to the Defendants and easily calculated from Defendants' business records. The limited amount of money involved in the case

of each individual's claim (money deducted from their wages without their clear, prior, affirmative consent) would make it burdensome for the class members to maintain separate actions.

34. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

35. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of union dues deductions without clear, prior, affirmative consent will, as a practical matter, be dispositive of the interests of all class members.

36. The illegal actions taken by Defendants were taken pursuant to the same statutes, collective bargaining agreements, and opt-out scheme, and constitute a concerted scheme which resulted in a violation of Plaintiffs' and class members' rights. Additionally, the affiliation among the Defendants presents an organizational structure which makes it expedient for the named Plaintiffs and the members of the of the class to proceed against all named Defendants.

## VI. CLAIMS FOR RELIEF

### CLAIM 1
### First Amendment, through 42 U.S.C. § 1983
*Deducting union dues or dues equivalent fees from Individiual Providers' wages without their clear, prior, affirmative consent violates the First Amendment to the United States Constitution.*

37. Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

38. RCW 41.56.113(1)(b)(i), on its face and as applied, violates the Plaintiffs' First Amendment rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, not to associate with a mandatory representative, not to support, financially or otherwise, petitioning and speech, and against compelled speech, because it authorizes and compels the State to deduct dues equivalent fees from Providers and class members absent their

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

clear, prior, affirmative consent.

39. Consent to the financial support of a labor union cannot be presumed and neither Plaintiffs nor class members waived their constitutional right not to financially support a labor union.

40. No compelling state interest justifies this infringement on Plaintiffs' First Amendment rights.

41. RCW 41.56.113(1)(b)(i) is significantly broader than necessary to serve any possible alleged government interest.

42. RCW 41.56.113(1)(b)(i) is not carefully or narrowly tailored to minimize the infringement of free speech rights.

## CLAIM 2
### First Amendment, through 42 U.S.C. § 1983
*Defendants' agreement to Art. 4 and other cited provisions of the 2015-2017 and 2017-2019 CBAs and the deductions of untion dues or dues equivalent fees pursuant thereto from Plaintiffs' and class members' pay, without their clear, prior, affirmative consent, violates the First Amendment to the United States Constitution.*

43. Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

44. CBA art. 4 and other cited provisions of the 2015-2017 and 2017-2019 CBAs and any action thereto, on their face and as applied, violate Plaintiffs' First Amendment rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, not to associate with a mandatory representative, not to support, financially or otherwise, petitioning and speech, and against compelled speech, because they compel the State to deduct dues equivalent fees from Plaintiffs and class members absent their clear, prior, affirmative consent.

45. Consent to the financial support of a labor union cannot be presumed and neither Plaintiffs nor class members waived their constitutional right not to financially support a labor union.

COMPLAINT
NO. 18-5535

11

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

46. No compelling state interest justifies this infringement on Plaintiffs' First Amendment rights.

47. CBA art. 4.1 of the 2015-2017 and 2017-2019 CBAs are significantly broader than necessary to serve any possible alleged government interest.

48. CBA art. 4.1 of the 2015-2017 and 2017-2019 CBAs are not carefully or narrowly tailored to minimize the infringement of free speech rights.

## CLAIM 3
### First Amendment, through 42 U.S.C. § 1983
*Deducting union dues or dues equivalent fees from Individiual Providers' and class members' wages without their clear, prior, affirmative consent violates Plaintiffs' freedom of association.*

49. Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

50. CBA art. 4, other cited provisions of the 2015-2017 and 2017-2019 CBAs, RCW 41.56.113(1)(b)(i), and Defendants' actions pursuant thereto violate Plaintiffs' First Amendment right to the freedom of association, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

51. Consent to the financial support of a labor union cannot be presumed and neither Plaintiffs nor class members waived their constitutional right not to financially support a labor union.

52. No compelling state interest justifies this infringement on Plaintiffs' First Amendment right to freedom of association.

53. CBA art. 4, other cited provisions of the 2015-2017 and 2017-2019 CBAs, and RCW 41.56.113(1)(b)(i) are significantly broader than necessary to serve any possible alleged government interest.

54. CBA art. 4, other cited provisions of the 2015-2017 and 2017-2019 CBAs, and

RCW 41.56.113(1)(b)(i) are not carefully or narrowly tailored to minimize the infringement of free speech rights

### CLAIM 4
### First Amendment, through 42 U.S.C. § 1983
*Defendants have illegally conspired to knowingly deprive Plaintiffs of their constitutional rights.*

55. Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

56. Defendants conspired to deprive Plaintiffs of their First Amendment rights by deducting dues equivalent fees from Plaintiffs' wages without their clear, prior, affirmative consent. There was an agreement to do so and a meeting of the minds to pursue this objective and Defendants took several overt acts, described above, to accomplish this objective.

57. By deducting dues equivalent fees from Plaintiffs' wages without their clear, prior, affirmative consent, Defendants acted with malice and showed a reckless and outrageous indifference to a highly unreasonable risk of harm and acted with a conscious indifference to the rights and welfare of others, including Plaintiffs.

### VI. PRAYER FOR RELIEF

58. Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

59. Plaintiffs and class members have been injured as a result of Defendants' conduct as described above by deducting dues equivalent fees without clear, prior, affirmative consent. Accordingly, Plaintiffs pray for the following relief:

60. **Declaratory Judgment**: enter a Declaratory Judgment that RCW 41.56.113(1)(b)(i) on its face and as applied violates the First Amendment to the United States Constitution, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, because it permits and compels the State to automatically deduct union fees from Plaintiffs' and class members' wages without their clear,

1 prior, affirmative consent, and are unconstitutional and of no effect;

2     61. **Declaratory Judgment**: enter a Declaratory Judgment that CBA art. 4 and other cited provisions of the 2015-2017 and 2017-2019 CBAs, and actions pursuant thereto, constitute a scheme which violates the First Amendment to the United States Constitution, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, because they permit and compel the State to automatically deduct union fees from Plaintiffs' and class members' wages without their clear, prior, affirmative consent, and are unconstitutional and of no effect;

    62. **Declaratory Judgment:** enter a Declaratory Judgment that RCW 41.56.113(1)(b)(i) and CBA art. 4 and other cited provisions of the 2015-2017 and 2017-2019 CBAs, and actions pursuant thereto, constitute a scheme which violates the First Amendment to the United States Constitution, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, because the scheme is entirely controlled by a labor union, an interested party.

    63. **Declaratory Judgment:** enter a Declaratory Judgment that RCW 41.56.113(1)(b)(i) and CBA art. 4 and other cited provisions of the 2015-2017 and 2017-2019 CBAs, and actions pursuant thereto, constitute a scheme which violates the First Amendment to the United States Constitution, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, because at the time Defendants began deducting union dues/fees from Plaintiffs, and at all times prior to objecting to union membership and the payment of any union dues/fees, Plaintiffs were unable to make an informed choice regarding whether to pay union dues/fees or become union members.

    64. **Declaratory Judgment**: enter a Declaratory Judgment that Defendants conspired

1  to deprive Plaintiffs and class members of their First Amendment rights by deducting union fees
2  from their wages without their clear, prior, affirmative consent.

3     65.    **Declaratory Judgment:** enter a Declaratory Judgment that Defendants' deduction of monies from Plaintiffs' and class members' without their clear, prior, affirmative consent has been illegal and unconstitutional.

6     66.    **Permanent injunction:** issue a permanent injunction enjoining Defendants from engaging in any activity this Court declares illegal, including but not limited to, the automatic deduction of union fees from Plaintiffs' and class members' wages, and the continuation and enforcement of RCW 41.56.113(1)(b)(i) and Art. 4.1 of the 2015-2017 and 2017-2019 CBAs;

10    67.    **Compensatory Damages:** enter a judgment against Defendants awarding Plaintiffs compensatory damages under Claims 1-4 in an amount equal to the union fees deducted from Plaintiffs' pay without their clear, prior, affirmative consent, as well as mental anguish damages and restitution;

14    68.    **Punitive Damages:** enter a judgment awarding Plaintiffs punitive damages against Defendants based on Claims 1-4 because their conduct, described above, was and is motivated by evil motive or intent, or involves reckless or callous indifference to the federal and state rights of Plaintiffs and class members.

18    69.    **Costs and attorneys' fees:** award Plaintiffs their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988; and

20    70.    **Other relief:** grant Plaintiffs such other and additional relief as the Court may deem just and proper.

Dated: July 3, 2018

By: s/ James G. Abernathy

James G. Abernathy, WSBA #48801
c/o Freedom Foundation
P.O. Box 552
Olympia, WA 98507
p. 360.956.3482
f. 360.352.1874
jabernathy@freedomfoundation.com
*Attorney for Plaintiffs*

By: s/ Hannah Sells

Hannah Sells, WSBA #52692
c/o Freedom Foundation
P.O. Box 552
Olympia, WA 98507
p. 360.956.3482
f. 360.352.1874
hsells@freedomfoundation.com
*Attorney for Plaintiffs*

By: s/ Christi C. Goeller

Christi C. Goeller, WSBA #33625
c/o Freedom Foundation
P.O. Box 552
Olympia, WA 98507
p. 360.956.3482
f. 360.352.1874
cgoeller@freedomfoundation.com
*Attorney for Plaintiffs*

By: s/ Caleb Jon Vandenbos

Caleb Jon Vandenbos, WSBA #50231
c/o Freedom Foundation
P.O. Box 552
Olympia, WA 98507
p. 360.956.3482
f. 360.352.1874
cvandenbos@freedomfoundation.com
*Attorney for Plaintiffs*