# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LINDA SCHUMACHER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAY INSLEE, et al., <br><br> Defendants. | CASE NO. C18-5535 MJP <br><br> ORDER OF DISMISSAL |

The above-entitled Court, having received and reviewed:

1. State Defendants' Motion to Dismiss or for Summary Judgment (Dkt. No. 23),

2. Plaintiffs' Response to State Defendants' Motion to Dismiss or for Summary Judgment (Dkt. No. 29),

3. State Defendants' Reply in Support of Motion to Dismiss or for Summary Judgment (Dkt. No. 31),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

1    IT IS ORDERED the State Defendants' motion for summary judgment regarding the § 1983 claims is GRANTED; Plaintiffs' claims against them are DISMISSED with prejudice.

IT IS FURTHER ORDERED that the claims for monetary or retrospective declaratory relief against the State Defendants are dismissed for failure to state a claim upon which relief can be granted.

## **Background[1]**

Plaintiffs are in-home care providers (Individual Providers or "IPs"), paid by the State through Washington Medicaid. (¶ 7.) Defendant Service Employees International Union Healthcare 775 NW ("SEIU") is the exclusive bargaining representative (by state law) for the IPs. (¶ 10.) State law also permitted the "bargaining parties" (State of Washington and SEIU) to include a "union security provision" in the collective bargaining agreement ("CBA") which required IPs to contribute union dues or their equivalent whether or not they chose to be members of the union. RCW 41.56.113(1)(b)(i). (Dkt. No. 23, Motion at 2.)

Prior to 2014, the union dues deduction was mandatory as a condition of employment. (¶ 14.) Since 2017, the bargaining parties have been operating under a Memorandum of Understanding ("MOU") which removed the compulsory payment of dues/fees[2], substituted an "opt-out" system requiring each IP to affirmatively decline to financially support the union, and directed SEIU to inform the State to cease deductions for any opt-out IP. (¶ 15.) The 2017-2019 CBA incorporated the opt-out feature into the deduction system. (¶ 16.)

---

[1] Unless otherwise noted, "Background" citations are to the Amended Complaint. (Dkt. No. 7.)

[2] The characterization of the moneys expended by Plaintiffs varies throughout the briefing: "dues" being the moneys paid if one opted for union membership, "fees" apparently referring to the portion of dues which non-union IPs were required to pay. The Court combines the expenditure into the single phrase -- "dues/fees" -- to cover both situations.

1 On June 27, 2018, the Supreme Court declared the opt-out system for deducting non-mandatory union dues/fees unconstitutional. Janus v. AFSCME, Council 31, 138 S.Ct. 2448, 2486 (2018). On the first payday following the effective date of the decision (July 16, 2018), the dues/fees were only deducted from the paychecks of IPs who had affirmatively opted in to the system. (Dkt. No. 24, Decl. of Green, ¶ 7; Dkt. No. 25, Decl. of Kapust, ¶¶ 5, 7, 8). The bargaining parties entered into a new MOU which permitted dues/fees deductions only when authorized in writing; i.e., an "opt-in" system. (Decl. of Green ¶ 8, Ex. 2.)

This class action was originally filed on July 3, 2018. (Dkt. No. 1.) An amended complaint was filed on July 17, 2018. (Dkt. No. 7.) The Plaintiffs allege that the state statute and the CBAs violate their First Amendment rights by compelling speech and mandatory association (through the involuntary dues/fees), by failing to allow Plaintiffs "an informed choice regarding the payment of the union dues and union membership," and by failing to provide "necessary procedural safeguards." (¶¶ 40-60.) An additional claim of unjust enrichment is lodged against SEIU for the 3.2% wage deduction pursuant to the CBAs. (¶ 61-64.) Plaintiffs seek declaratory and injunctive relief, as well as compensatory and punitive damages. (¶¶ 67-74.)

**Discussion/Analysis**

This motion is brought by two of the three named Defendants in this action – Washington State Governor Jay Inslee and Secretary of the Department of Social and Health Services Cheryl Strange ("the State Defendants") and is brought as a motion to dismiss under FRCP 12(b)(6) or, alternatively, for summary judgment under FRCP 56. (Dkt. No. 23, Motion at 1.) The Court's ruling on this motion is being made primarily on summary judgment grounds – Defendants rely on two key declarations to establish their proof that Plaintiffs are no longer being injured by the

"opt-out" practices of which they complain.[3] The evidence is neither derived from nor referenced in Plaintiffs' amended complaint, so the Court proceeds with a Rule 56 analysis.

The State Defendants make two arguments in support of their request for dismissal:

**I.  No Article III Standing**

Article III subject matter jurisdiction standing requires:

1. An injury in fact
2. A causal connection between Defendants' conduct and the injury
3. A showing the injury will be redressed by the relief Plaintiffs are seeking.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Defendants and Plaintiffs quibble about when the dues/fees ceased being deducted from the IPs' paychecks, but Plaintiffs simply cite the date that the MOU reflecting the post-Janus procedure was signed (August 3, 2018), while Defendants present proof (uncontroverted by Plaintiffs) that the money actually ceased being deducted as of July 16, 2018 (the day before the amended complaint was filed). (*See* Dkt. Nos. 24 and 25, Declarations of Green and Kapust.) Additionally, the evidence adduced by Defendants demonstrates that none of the named Plaintiffs had had deductions from their wages under the discredited procedure since June 15, 2018; i.e., prior to the filing of the *original* complaint. (*See* Decl. of Kapust at ¶¶ 13-18.)  Again, this evidence is not controverted by Plaintiffs.

The absence of any negative consequences accruing to Plaintiffs from the dues/fees deduction procedure at the time the complaint was filed points to an absence of "injury in fact." Plaintiffs maintain that, despite the absence of any "injury in fact," the Court still has subject matter jurisdiction. They argue that a "substantial controversy" still exists on the basis of:

---

[3] *See* Dkt. No. 24, Declaration of Green and Dkt. No. 25, Declaration of Kapust.

A. *The unconstitutionality of the RCWs and CBAs under <u>Janus</u>*.  Defendants do not contest that these procedures were unconstitutional at the time the <u>Janus</u> ruling issued, but the fact remains that at the time the complaint was filed, Defendants have evidence that Plaintiffs were no longer being injured in the manner of which they complain.

B. *Plaintiffs' inability to "make an informed choice" regarding whether to pay union dues/fees*.  This is really only Plaintiffs' first point restated: that the opt-out scheme was constitutionally "intolerable."  Again, if Plaintiffs were not actually being injured in this unconstitutional fashion at the time the complaint was filed, they cannot satisfy the "injury in fact" standing requirement.

C. *The union's control of the "procedural safeguards" intended to prevent Plaintiffs from being harmed by unconstitutional practices*.  This aspect of the bargaining parties' (State of Washington and SEIU) procedure – basically, that the State relies on SEIU to keep track of who has or has not opted in and thus who is subject to the deductions – has not been altered by the current MOU.  However, Plaintiffs' amended complaint is devoid of any allegations that they have suffered harm as a result of this practice, nor is their responsive pleading accompanied by any evidence to this effect.

The Court points out that Plaintiffs' problem as regards the "opt-out" system is not properly characterized solely as one of "standing," but rather a combined issue of "standing" and "mootness," which is the applicable legal concept when circumstances subsequent to the filing of the complaint result in a plaintiff who is no longer subject to the injury of which the lawsuit complains.  <u>Southern Utah Wilderness Alliance v. Palma</u>, 707 F.3d 1143, 1152-53, 1156 (10th Cir. 2013).  Plaintiffs have "standing" problems due to their lack of proof of "injury in fact," but

additionally their claims as far as the "opt-out" system is concerned became moot when the Defendants responded to the Janus ruling by ceasing to compel deductions on an opt-out basis.

As regards Plaintiffs' "lack of procedural safeguards" claim: because the circumstances of which Plaintiffs complain (SEIU's unsupervised oversight and reporting of who has opted in and who has not) are still in existence, "mootness" is not an issue. And, as Plaintiffs point out, there is Supreme Court precedent that a system overseen exclusively by a party which has a financial incentive running contrary to the constitutional rights of persons subject to the system is constitutionally deficient. Chicago Teachers Union v. Hudson, 475 U.S. 292, 307-09 (1985). However, the complainants cannot substitute a conceptual constitutional violation for the requirements essential to their standing to bring suit. As with their allegations concerning the system of dues/fees deductions, the named Plaintiffs have failed to demonstrate any injury in fact from the allegedly unconstitutional procedure, and it is a shortcoming which is fatal to their ability to maintain this action.

Plaintiffs move, under FRCP 56(d), to be permitted additional discovery for facts they deem essential to their proof which are not yet in their possession. To support this request, Plaintiffs are required to show "(1) [they have] set forth in affidavit form the specific facts [they hope] to elicit from further discovery; (2) that the facts sought exist; and (3) that the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

Plaintiffs' FRCP 56(d) affidavit (Dkt. No. 30, Declaration of James Abernathy) does indicate that Plaintiffs intend to seek through discovery information about SEIU's accountability to the State for its oversight, how the union determines when deductions will be made, and what processes it employs to process union resignations and objections to fee deductions; additionally,

it asserts that those facts exist are necessary to determine if the system as it is currently enforced constitutes an unconstitutional burden on Plaintiffs' First Amendment rights. (Decl. of Abernathy, ¶¶ 4-9.)

The Court finds Plaintiffs' request deficient in two regards. First, the evidence they purport to seek appears relevant only to the general question of the constitutionality of the oversight and reporting process; i.e., is the process structured in a way which runs afoul of constitutional prohibitions? This does nothing to address the "injury in fact" defects in Plaintiffs' pleading, and standing continues to elude them.

Furthermore, in the absence of any allegations of injury from the system which is the subject of their complaint, the Court is not inclined to permit Plaintiffs to search for qualifying evidence after the fact. FRCP 56(d) is not an opportunity for Plaintiffs to engage in a discovery fishing expedition when they have not established standing in the first place.

## II. Immunity of State Defendants to retrospective relief and money damages

The State Defendants assert the § 1983 exclusion of states and state officials sued in their official capacities (as Defendants Inslee and Strange are here; Will v. Mich. Dept. of State Police, 491 U.S. 58, 65-66, 71 (1989)), and the Eleventh Amendment's prohibition of claims for money damages against states, state agencies, and state officials acting in their official capacity. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Plaintiffs make no response to this argument and the Court will assume from that lack of response that Plaintiffs concede the legal merit of the State Defendants' position.

The Court further finds that Plaintiffs have failed to state a claim upon which relief can be granted as to their request for any monetary or retrospective declaratory relief regarding the State Defendants.

**Conclusion**

Plaintiffs have failed to establish "injury in fact" from the practices of which they complain and on that basis have failed to satisfy the fundamental requirements of standing to sue. There are no disputed issues of material fact as regards this issue; the State Defendants being entitled to dismissal as a matter of law, the Court GRANTS their motion for summary judgment and dismisses the claims against them with prejudice.

Additionally, the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted as regards any requests for monetary or retrospective declaratory relief concerning the State Defendants, and those damages requests will be dismissed on FRCP 12(b)(6) grounds.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 25, 2019.

Marsha J. Pechman
United States Senior District Judge