**Hon. Marsha J. Pechman**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LINDA SCHUMACHER, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNOR JAY INSLEE, *et al.*,<br><br>Defendants. | Case No.: 3:18-cv-05535-MJP<br><br>**SEIU 775'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS FOR PROSPECTIVE RELIEF**<br><br>**NOTE DATE: MAY 8, 2020** |

This Court previously held that plaintiffs lacked Article III standing to pursue prospective relief against the State Defendants because plaintiffs had "failed to establish 'injury in fact' from the practices of which they complain…." Dkt. No. 36 at 8. For the same reason, plaintiffs lack Article III standing to pursue claims for prospective relief against SEIU 775. The Court should dismiss plaintiffs' claims for injunctive and declaratory relief against the Union.

## I. BACKGROUND

### A. Factual Background

SEIU 775 is the exclusive bargaining representative for Individual Providers ("IPs"). Dkt No. 36 at 2. IPs are in-home care providers. *Id.* Prior to July 2014, the collective bargaining agreement ("CBA") between the State and SEIU 775 included a union security provision that

SEIU 775'S MOTION FOR PARTIAL S.J.- Page 1
3:18-cv-5535-MJP

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

generally required all IPs, except those with bona fide religious objections, to pay union dues or nonmember fees. Declaration of Ann Green, Dkt. No. 24, ¶ 3. The State would deduct the appropriate amount of union dues or fees from the payments it made to an individual IP and then remit that amount to SEIU 775. *Id.* IPOne is the system the State uses to process and make payments to IPs, including any mandatory or voluntary deductions. Declaration of Leo Kapsut, Dkt. No. 25, ¶ 2. A contractor, PCG Public Partnerships ("PPL") administers IPOne. *Id.*

Following *Harris v. Quinn*, 573 U.S. 616 (2014), the State and SEIU 775 revised their practices and renegotiated their CBA so that IPs who did not wish to join the union or pay union dues could opt out of doing so. Dkt. No. 24 ¶ 4. The revised CBA also required that IPs receive notice of their right to not join or financially support the union. *Id.* IPs have always had and still have the choice to voluntarily sign a union membership card. *Id.* This Court affirmed the constitutionality of the opt-out system based on binding Ninth Circuit and Supreme Court precedent in *Hoffman v. Inslee*, Case No. C14-200-MJP (W.D. Wash. Oct. 19, 2016).

On June 27, 2018—the day the U.S. Supreme Court decided *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018)—SEIU 775 asked the State to immediately cease deducting union dues or fees from all IPs as to whom SEIU 775 did not have an affirmative consent on file. Dkt. 24-1. The State and SEIU 775 took immediate steps to halt such deductions and make sure that IPs who had not given affirmative consent would not be subject to such deductions in both the short and long-term. Dkt. No. 25 ¶¶ 3-12. SEIU 775, PPL, and the State agreed that any IPs who had deductions taken on or after July 16, 2018, but who had not affirmatively consented to such deduction will be reimbursed. *Id.* at ¶ 11.

On August 3, 2018, SEIU 775 and the State signed a Memorandum of Understanding ("MOU") memorializing the changes to dues deduction practices that were implemented

SEIU 775'S MOTION FOR PARTIAL S.J.- Page 2
3:18-cv-5535-MJP

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

immediately following *Janus*. Dkt. No. 24 ¶ 8 & Dkt. No. 24-2. The MOU revised Article 4.1 of the 2017-2019 CBA to allow the deduction of SEIU 775 dues only "upon proper authorization by a home care worker of the Union for dues deduction in accordance with RCW 41.56.113(1)(a)." Dkt. No. 24-2. The current 2019-2021 CBA contains identical Article 4.1 language. Plaintiffs' Second Amended Complaint, Dkt. No. 47 ¶ 23 & n. 9.

Each of the four plaintiffs is coded as "non-member" in IPOne. Dkt No. 25, ¶ 13; Declaration of Christi Pederson (March 31, 2020) ("Pederson Decl."), ¶ 4. Plaintiff Linda Schumacher's last union dues deduction occurred on June 15, 2018. Dkt. No. 25, ¶ 14; Pederson Decl. ¶ 4. Plaintiff Robb Israel's last union dues deduction occurred on April 2, 2018. Dkt. No. 25, ¶ 15; Pederson Decl. ¶ 4. Plaintiff Surena Israel's last union deduction occurred on April 16, 2018. Dkt. No. 25, ¶ 16; Pederson Decl. ¶ 4. Miranda Thorpe has not had any union dues deductions since the IPOne system went live on April 1, 2016. Dkt. No. 25, ¶ 17; Pederson Decl. ¶ 4. SEIU 775 ceased Thorpe's union dues deductions in October 2015 when she filed *Thorpe v. Inslee*, 188 Wn.2d 282, 393 P.3d 1231 (2017). SEIU 775's Answer to Second Amended Complaint, Dkt. No. 48, ¶ 10, Plaintiffs Schumacher, Robb Israel, and Surena Israel all submitted resignation letters to SEIU 775. *Id.*

**B. Procedural History**

Plaintiffs filed this proposed class action on July 3, 2018, against SEIU 775 and the two State Defendants: Governor Jay Inslee and Secretary of the Department of Social and Health Services Cheryl Strange. Dkt. 1. Plaintiffs filed an amended complaint on July 17, 2018. Dkt. No. 7. On July 23, 2018, SEIU 775 filed a notice of related case in accordance with Local Civil Rule 3(g)(1) regarding *Hoffman v. Inslee*, *appeal filed sub. nom. Routh v. Inslee*, No. 16-35740 (9th Cir.). Dkt. No. 9, which prompted reassignment of this action from Judge Settle.

SEIU 775'S MOTION FOR PARTIAL S.J.- Page 3
3:18-cv-5535-MJP

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

On October 23, 2018, the Court granted the parties' stipulated motion to stay this action (other than the State Defendants' pending motion to dismiss) until such time as the plaintiffs, or any of them, opted-out of the tentative class-wide settlement in *Routh.* Dkt. No. 35. On January 27, 2020, plaintiffs notified the Court that they were opting out of the *Routh* settlement. Dkt. No. 44. On February 10, 2020 SEIU 775 and the plaintiffs filed a status report informing the Court that the parties would seek resolution of the legal viability of plaintiffs' claims for prospective relief, a ruling that would neither impact nor be impacted by the pending motion for final approval of the *Routh* settlement. Dkt. No. 45. On March 6, 2020, plaintiffs filed a Second Amended Complaint with the Union's consent. Dkt. No. 47.

C.  **The Court's January 25, 2019, Dismissal Order**

On September 13, 2018, the State Defendants filed a Motion to Dismiss or for Summary Judgment. Dkt. No. 23. Relevant to the instant motion, the State Defendants argued that "Plaintiffs lack Article III standing to seek prospective relief, because the opt-out dues deduction system they complain of was already being terminated before this lawsuit was even filed" in response to *Janus*. *Id.* at 1; *Id.* at 4-7. Plaintiffs opposed that motion asserting that they were also challenging the affirmative consent dues deduction system the State and SEIU 775 had implemented following *Janus* and were entitled to injunctive relief with respect to the new system. Dkt. No. 29 at 2, 6, 8-9, 12-14. In reply, the State Defendants argued that the plaintiffs also lacked Article III standing to challenge the affirmative consent dues deduction system established following *Janus*. Dkt. No. 31 at 6-7. "[N]one of the Plaintiffs are having dues deducted following *Janus*. Accordingly, there is no injunctive or declaratory relief that could affect Plaintiffs' First Amendment rights, and dismissal is appropriate under Rule 12(b)(1)." *Id.* at 7.

On January 25, 2019, this Court granted the State Defendants' motion for summary

SEIU 775'S MOTION FOR PARTIAL S.J.- Page 4
3:18-cv-5535-MJP

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

judgment with respect to plaintiffs' claims for prospective relief. Dkt. No. 36. at 3-4, 8. The Court noted that the evidence was undisputed that "none of the named plaintiffs had had deductions from their wages…since June 15, 2018; i.e., prior to the filing of the *original* complaint." *Id.* at 4. The Court rejected plaintiffs' assertions that there was a live "substantial controversy" sufficient to confer Article III standing for prospective relief with respect to either (1) the opt-out system SEIU 775 and the State terminated immediately following *Janus* or (2) the affirmative consent system that replaced the opt-out system. *Id.* at 5-6. With respect to the affirmative consent system, the Court ruled that plaintiffs had neither alleged nor submitted any evidence that they have personally suffered harm due to the fact "that the State relies on SEIU to keep track of who has or has not opted in and thus who is subject to the deductions." *Id.* at 5. "[T]he named plaintiffs have failed to demonstrate any injury in fact from the allegedly unconstitutional procedure, and it is a shortcoming which is fatal…." *Id.* at 6.

## II. ARGUMENT

Federal Rule of Civil Procedure 56(a) provides a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The rule allows a defendant to seek summary judgment on specific parts of the plaintiffs' claims. *Id.* SEIU 775 is entitled to summary judgment on plaintiffs' claims for injunctive and declaratory relief. Dkt. No. 47 at ¶¶ 80-85.

Article III of the U.S. Constitution requires litigants to demonstrate their standing to sue. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). To establish Article III standing, a litigant must demonstrate an injury that is "'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Id.* at 409 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "[A] plaintiff must

SEIU 775'S MOTION FOR PARTIAL S.J.- Page 5
3:18-cv-5535-MJP

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 185 (2000).

Plaintiffs seeking injunctive relief must demonstrate a likelihood of repeated injury or future harm to the plaintiff in the absence of the injunction. *See City of L.A. v. Lyons*, 461 U.S. 95, 110-11 (1982); *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). Plaintiffs seeking declaratory relief must similarly show that the requested declaration will remedy their alleged injury. *See e.g., Mayfield v. United States*, 599 F.3d 964, 971-72 (9th Cir. 2010). Past injury is insufficient to confer standing to seek injunctive or declaratory relief. *See O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) (injunction); *Leu v. Int'l Boundary Comm'n*, 605 F.3d 693, 694 (9th Cir. 2010) (citing *Fieger v. Michigan Supreme Court*, 553 F.3d 955, 962 (6th Cir. 2009)) (declaratory judgment); *Alvarez v. Inslee*, No. 16-1511 RJB, 2017 WL 1079923 *8-10 (W.D. Wash. Mar. 22, 2017) (injunctive and declaratory relief).

As this Court recognized in granting the State Defendants' dispositive motion, the plaintiffs have, at most, alleged a past injury that is insufficient to confer standing to seek prospective relief. Dkt. No. 36 at 6. The amendments plaintiffs have made in their Second Amended Complaint do nothing to cure what the Court recognized was a "fatal" defect in their ability to obtain an injunction or a declaratory judgment. Plaintiffs' Second Amended Complaint adds constitutional challenges to the current 2019-2021 CBA and expands their challenges to RCW 41.56.113 from prior subsection (1)(b)(i) to the entire extant statutory provision. Compare Dkt. No. 7 ¶¶ 3, 21, 45-46, 48, 51-52, 54, 57 with Dkt. No. 47 ¶¶ 6, 23, 26, 33, 48, 54, 57-58, 60, 64, 66, 70. But these amendments do not change the fact that plaintiffs have failed to allege that they are suffering, or will suffer, any personal harm from the affirmative consent system that has been in place since before they filed their original complaint. None of the plaintiffs have had any

SEIU 775'S MOTION FOR PARTIAL S.J.- Page 6
3:18-cv-5535-MJP

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

dues deducted under the present system. Nor do any of the plaintiffs allege that they will be subject to union dues deductions in the future. They have not alleged, nor can they establish, a constitutional "injury in fact" to themselves from the affirmative consent system in the 2019-21 CBA as authorized by RCW 41.56.113.

### III. CONCLUSION

Plaintiffs' alleged injuries are identical to those the Court has already held are insufficient under Article III to support claims for injunctive and declaratory relief with respect to both the terminated opt-out system and the current affirmative consent system. Accordingly, SEIU 775 is entitled to summary judgment on plaintiffs' claims for prospective relief.

RESPECTFULLY SUBMITTED this 3rd day of April 2020.

**FRANK FREED SUBIT & THOMAS LLP**

By: /s/ Michael C. Subit
Michael C. Subit, WSBA # 29189
705 Second Avenue, Suite 1200
Seattle, WA 98104
206-682-6711
msubit@frankfreed.com

**ALTSHULER BERZON LLP**

By: /s/ Scott A. Kronland
Scott A. Kronland
177 Post Street, Suite 300
San Francisco, CA 94108
415-421-7151
skronland@altber.com

Attorneys for Defendant SEIU 775

SEIU 775'S MOTION FOR PARTIAL S.J.- Page 7
3:18-cv-5535-MJP

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel/parties of record. I hereby certify that no other parties are to receive notice.

By: /s/ Michael C. Subit
Michael C. Subit, WSBA # 29189

SEIU 775'S MOTION FOR PARTIAL S.J.- Page 8
3:18-cv-5535-MJP

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711