UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA SCHUMACHER, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>JAY INSLEE, et al.,<br><br>      Defendants. | CASE NO. C18-5535 MJP<br><br>ORDER ON SEIU 775'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

The above-entitled Court, having received and reviewed:

1. Defendant SEIU 775's Motion for Partial Summary Judgment on Plaintiffs' Claims for Prospective Relief (Dkt. No. 49),

2. Plaintiffs' Response to Defendant SEIU 775's Motion for Partial Summary Judgment on Plaintiffs' Claims for Prospective Relief (Dkt. No. 51),

3. Defendant SEIU 775's Reply in Support of Motion for Partial Summary Judgment on Plaintiffs' Claims for Prospective Relief (Dkt. No. 52),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

1    IT IS ORDERED that the motion is GRANTED; Plaintiffs' claims for injunctive and
2 declaratory relief with respect to both the terminated opt-out system and the current affirmative
3 consent system are DISMISSED with prejudice.

**Background**

Factual

In 2014, the Supreme Court issued its decision in Harris v. Quinn, 573 U.S. 616 (2014), holding that the First Amendment prohibited the collection of "agency fees" from personal assistants who did not wish to join or support their union. In the wake of that decision, the State of Washington and Defendant SEIU 775 renegotiated the collective bargaining agreement ("CBA") of their Individual Providers ("IPs") so that those IPs who did not wish to join the union or pay union dues could opt out of doing so. Dkt. No. 24, ¶ 4. The constitutionality of that opt-out system was affirmed by this Court in Hoffman v. Inslee, C14-200MJP (W.D. Wash. Oct. 19, 2016).

Following the Supreme Court's decision in Janus v. AFCME, Council 31, 138 S.Ct. 2448 (2018), the State of Washington and SEIU 775 undertook to halt deductions of any dues or fees from IPs who had not given affirmative consent to such deductions. Dkt. Nos. 24-1, 25 ¶¶ 3-12. Any IPs who had been subject to such deductions from July 16, 2018 forward were reimbursed. Dkt. No. 25, ¶ 11.

On August 3, 2018, the union and the State entered into a Memorandum of Understanding ("MOU") formalizing the changes to the dues deduction practices indicated in the above paragraph. Dkt. No. 24, ¶ 8, Dkt. No. 24-2. Article 4.1 of the 2017-2019 CBA was revised to forbid deduction of union dues absent "proper authorization by a home care worker of the Union for dues deduction in accordance with RCW 41.56.113(1)(a)." Dkt. No. 24-2. The

current CBA's Article 4.1 reflects the same revisions.  Dkt. No. 47, 2nd Amended Complaint, ¶ 23 & n.9.

All four named plaintiffs are listed in the system which tracks the payment of union dues and fees as a "non-member." Dkt. No. 25, ¶ 13.  Union dues deductions for each last occurred on the following dates:

- Plaintiff Linda Schumacher: June 15, 2018
- Plaintiff Robb Israel: April 2, 2018
- Plaintiff Surena Israel: April 16, 2018
- Plaintiff Miranda Thorpe: October 2015[1]

Dkt. No. 25, ¶¶ 14-17.

Procedural

This matter was filed as a putative class action on July 18, 2018, naming as Defendants SEIU 775, Governor Jay Inslee and Cheryl Strange (Secretary of the Department of Social and Health Services).  Dkt. No. 1.  An amended class action complaint was filed on July 17, 2018, Dkt. No. 7.  The matter was transferred from the Honorable Benjamin Settle of this district to this Court upon a notice of related case (Hoffman v. Inslee, No. 16-35740 (9th Cir.).  Dkt. No. 9.

A stay was entered on October 23, 2018 to permit Plaintiffs the opportunity to opt out of a settlement reached in Hoffman (which was later re-named Routh v. Inslee).  Dkt. No. 35.  Plaintiffs notified the Court of their decision to opt out of the Routh settlement on January 27, 2020.  Dkt. No. 44.  A Second Amended Complaint was filed (with Defendants' consent) on March 6, 2020.  Dkt. No. 47.

---

[1] Ms. Thorpe's deductions ceased when she filed suit in Thorpe v. Inslee, 188 Wn.2d 282 (2017).

**Discussion**

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). The facts appear uncontroverted, and Defendant SEIU 775 seeks dismissal of Plaintiffs' claims for prospective relief on the grounds that Plaintiffs have not established the requisite standing to sue for relief on injunctive or declaratory grounds.

The establishment of Article III standing to sue is a foundational prerequisite to bringing suit in federal court. Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013). Article III standing requires a plaintiff to demonstrate an injury that is "concrete, particularized, and actual or imminent, fairly traceable to the challenged action; and redressable by a favorable ruling." Id. at 409 (quoting Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010)). Injunctive relief is premised upon a showing of a likelihood of repeated injury or future harm. City of L.A. v. Lyons, 461 U.S. 95, 110-11 (1982); B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). Declaratory relief requires evidence that the declaration being sought will remedy the alleged injury. Mayfield v. United States, 599 F.3d 964, 971-72 (9th Cir. 2010).

Neither injunctive nor declaratory relief may be premised on past injury. O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974); Leu v. Int'l Boundary Comm'n, 605 GF.3d 693, 694 (9th Cir. 2010 (citing Fieger v. Michigan Supreme Court, 553 F.3d 955, 962 (6th Cir. 2009).

This Court addressed a similar request from the State Defendants in this matter earlier in the case, finding at that time that Plaintiffs had "failed to demonstrate any injury in fact from the allegedly unconstitutional procedure, and it is a shortcoming which is fatal." Dkt. No. 36 at 6. The Court finds that Plaintiffs' position has not changed in any significant manner, dictating a similar outcome.

Since June 2018, union dues have only been deducted from the paychecks of IPs "upon proper authorization by a home care worker of the Union for dues deduction in accordance with RCW 41.156.113(1)(a)." Dkt. No. 24-2, CBA Article 4.1. There is no dispute that no Plaintiff has given dues deduction authorizations in conformity with the statute, and none has had union dues deducted from their paychecks since the filing of this case in July 2018. None of the Plaintiffs have expressed an intention to authorize future deductions or claimed they are being injured by the cost allocations provisions of RCW 41.156.113(1)(a). Plaintiffs continue to lack any "concrete, particularized, and actual or imminent" personal injury, "fairly traceable" to the dues-deduction procedures of which they complain.

Plaintiffs do not salvage their First Amendment claim by their citation to Chicago Teachers Union, Local No. 1 v. Hudson, 475 U.S. 292, 307-309 (1985). The First Amendment violation in that matter originated from the lack of safeguards around a process which called for nonunion members to pay a fee proportionate to the amount of dues related directly to collective bargaining (but not be assessed that portion related to other union activities). Plaintiffs here are subject to no dues or fee deductions; the entire contribution to SEIU is completely voluntary, and Plaintiffs have neither volunteered nor been assessed anything, and thus can establish no "First Amendment injury."

Plaintiffs' Second Amended Complaint adds an allegation that the procedure at issue also violates Fourteenth Amendment Due Process rights. This does nothing to alter the fundamental defect in their position – they have not demonstrated an "injury in fact" under their new legal theory, either. As was noted in the Court's earlier order, Plaintiffs "cannot substitute a conceptual constitutional violation for the requirements essential to their standing to bring suit." Dkt. No. 36, Order at 6.

The other cases Plaintiffs cite in support of their position are distinguishable.  In DBSI/TRI IV Ltd. Partnership v. U.S., 465 F.3d 1031 (9th Cir. 2006), the plaintiffs who were granted standing (despite not yet having suffered an economic injury) were found to nevertheless have suffered a concrete injury owing to their status as tenants under a new housing statutory scheme with fewer procedural rights than their previous system.  Id. at 1038.  Though not yet having been actually injured, they were subject to being injured in a redressable manner simply by their status as tenants under the new housing system.  Nothing about Plaintiffs' current status as non-dues paying employees subjects them to even the possibility of the injuries of which they complain.

And, in Davidson v. Kimberly-Clark Corp., 899 F.3d 965 (9th Cir. 2018), Plaintiff was granted injunctive and declaratory relief based on her representation that she desired to purchase the product which she alleged was being sold in a fraudulently misleading way.  Id. at 970-71.  Plaintiffs here have made no representations nor submitted any evidence that they intend to pay SEIU dues in the future and thus are not eligible to sue for a prospective injury to which they will not be subject.

**Conclusion**

Having failed to establish "injury in fact," a prerequisite to Article III standing to sue, Plaintiffs will not be permitted to pursue claims for injunctive and declaratory relief as regards Defendant SEIU 775's dues deduction process.  The union's motion for partial summary judgment dismissing that portion of Plaintiffs' claim  (as set forth in ¶¶ 80-85 of the Second Amended Complaint) is GRANTED.

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated July 22, 2020.

                                    _____
                                    Marsha J. Pechman
                                    United States Senior District Judge