HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

LINDA SCHUMACHER, *et al.*,

        Plaintiffs,

 *v.*

JAY INSLEE, et al.,

        Defendants.

No. 3:18-cv-5535-MJP

**JOINT STATUS REPORT AND DISCOVERY PLAN**

No. 3:18-cv-5535-MJP
JOINT STATUS REPORT AND
DISCOVERY PLAN

1

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Pursuant to the Court's Order Granting Motion for Extension of Deadlines [ECF No. 84], the parties, hereby submit this Joint Status Report and Discovery Plan, and inform the Court as follows.

Date of Conference: July 21, 2021.

Appearing for Plaintiffs:
Robert A. Bouvatte, Jr., WSBA #50220

Appearing for Defendant SEIU 775:
Michael C. Subit, WSBA # 29189

### 1. Statement of the nature and complexity of the case:

#### A. Plaintiff's Statement:

Plaintiffs' remaining claims seek compensatory damages for the violation of their First and Fourteenth Amendment rights, by way of the statutory scheme for deduction of union dues for their wages, pursuant to RCW 41.56.113. *See* Second Amended Complaint, at ¶86 [ECF No. 47]. Defendants' extraction scheme, conducted pursuant to Washington statutory law and Article 4.1 in the applicable Collective Bargaining Agreements (the "CBA's"), is unconstitutional for at least three (3) reasons.

The first reason is that Defendants deducted union fees from Plaintiffs' and class members' wages absent their prior affirmative consent. This argument is based on the Supreme Court's ruling in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018) ("*Janus*"), holding such opt-out schemes to be unconstitutional. *Janus*, 138 S. Ct. at 2486. The second reason is that when Defendants began deducting union dues/fees from Plaintiffs and other class members, the Individual Providers ("IP's") were unable to make an informed choice regarding whether to pay union dues/fees or become union members. This argument is based on the Supreme Court's treatment of opt-out schemes in *Knox*, stating that opt-out schemes are constitutionally "tolerable if employees are able at the time in question to make an informed choice." *Knox v. SEIU, Local 1000*, 132 S. Ct. 2277,

No. 3:18-cv-5535-MJP
JOINT STATUS REPORT AND
DISCOVERY PLAN

2

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

2292 (2012). The third reason Defendants' scheme is unconstitutional is because it is entirely controlled by a labor union, an interested party. In *Hudson*, the U.S. Supreme Court prohibited "procedural safeguard" schemes that are "entirely controlled by the Union." *Chicago Teachers Union v. Hudson*, 475 U.S. 292, 307-08 (1986). The procedural safeguards required by the Supreme Court were imposed to "minimize the risk that nonunion employees' contributions might be used for impermissible purposes." *Id*., at 309. The Supreme Court imposed the safeguards because, even before *Janus*, the deduction of union fees from public employees' wages was fraught with First Amendment infringements. *See id*., at 301 (exclusive representation and agency fees infringe "an employee's freedom to associate for the advancement of ideas, or to refrain from doing so, as he sees fit.").[1]

          B. **Defendant's Statement**:

The four plaintffs in this case opted out of the class action settlement in *Routh v. SEIU 775*, No. 2:14-cv-00200-MJP. This Court has already granted SEIU 775's motion to dismiss plaintiffs' claims for prospective relief. Dkt. No. 58. All that remains are the plaintiffs damages claims. **Combined** the plaintiffs paid approximately $1,100 in dues to SEIU 775. Plaintiffs unsuccessfully sought to certify a class comprising themselves and the approximately 80 other Individual Providers who had opted out of the *Routh* settlement. Dkt. No. 75. Plaintiffs then unsuccessfully sought FRCP 23(f) review of this court's order denying class certification. Dkt No. 81. Despite representing to the Ninth Circuit that "the small amounts at issue simply do not justify litigating the [individual plaintiffs' claims] to judgment...," Pet. for Appeal at 6, plaintiffs are now doing so.

---

[1] Defendants removed the agency fee provision from the CBA in 2014 and the opt-out scheme on August 3, 2018, but continue to significantly infringe "an employee's freedom to associate for the advancement of ideas, or to refrain from doing so, as he sees fit" by subjecting Plaintiffs and class members to exclusive union representation. *Janus*, 138 S. Ct. at 2460, 2467 (exclusive representation "substantially restricts the rights of individual employees," "confers many benefits on unions," and "results in a tremendous increase in the power" of the union").



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**2. Suggested deadline for joining additional parties:**

No additional parties are anticipated to be named in these proceedings, at this time. The Parties, however, propose a deadline for naming any additional parties of January 10, 2022.

**3. Whether the Parties consent to referral of the case to a Magistrate Judge:**

No.

**4. Discovery Plan Pursuant to Fed.R.Civ.P. 26(f)(3):**

**A. Initial Disclosures:**

The Parties have agreed to exchange Initial Rule 26(f) Disclosures of August 17, 2021, and to conduct discovery within the general parameters set forth herein.

**B. Subjects, timing and potential phasing of discovery:**

Unless the Parties agree on a settlement, Plaintiff anticipates the need for written discovery and/or depositions concerning subject matters related to their claims. Plaintiff plans to commence written discovery and scheduling depositions if the Parties do not settle in the coming months, so as to obtain such testimony and assess the need for additional written discovery, prior to the proposed discovery cutoff of February 18, 2022.

Defendant anticipates the need for written discovery and/or depositions concerning Plaintiffs' allegations and anticipates conducting extensive discovery regarding Plaintiffs' alleged emotional distress. Defendant will schedule any depositions and issue discovery requests in time to meet the discovery deadline.

**C. Electronically stored information:**

The Parties are agreeable to subjecting this matter to the Western District of Washington's Model Protocol for Discovery of Electronically Stored Information in Civil Litigation.

**D. Privilege issues:**

At this time, the Parties are not aware of any issues concerning privilege that require a decision by the Court.



**E. Proposed limitations on discovery:**

The Parties agree that the normal rules concerning discovery should apply whenever possible, except that there is no need for the Parties to include on any privilege log(s) privileged communications and/or documents generated after the date of filing this lawsuit.

**F. The need for any discovery related orders:**

At this time, the Parties are not aware of a need for any discovery related orders to be issued by the Court.

**5. Parties' Views, Proposals and Agreements on Items in Fed.R.Civ.P. 26(f)(1):**

**A. Prompt case resolution:**

The Parties continue to engage in settlement discussions and believe mediation would be fruitful for exploring the opportunity to resolve this case in the coming months. As set forth in **Section 6**, *infra*, the Parties propose a discovery cut-off date of February 18, 2022, in order to facilitate mediation and a potential settlement in the coming months.

In order to explore settlement alternatives prior to undertaking the expense of discovery and preparing dispositive motions, the Parties plan to attend mediation as soon as is practicable, following agreement upon a mutually agreeable mediator, and scheduling for a mutually agreeable date.

**B. Alternative dispute resolution:**

The Parties agree that mediation could be helpful in identifying possible avenues for a resolution of the claims set forth in Plaintiffs' Second Amended Complaint [ECF No. 47], as set forth in **Section 5.A**, *supra*. While the parties have agreed to schedule a mediation as soon as practicable, SEIU 775 requests the Court enter an order pursuant to LR 39.1(c)(1) requiring the parties to go to mediation as soon as practicable and to contact a mediator within seven (7) days of the Court's order. The Plaintiffs do not oppose such an order, and agree to attend mediation.

**C. Related cases:**

This case was reassigned to this Court because it was related to the *Routh* case.

No. 3:18-cv-5535-MJP
JOINT STATUS REPORT AND
DISCOVERY PLAN

5

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**D. Discovery management:**

The Parties agree to the Discovery Plan set forth above and herein for management of discovery in this matter.

**E. Anticipated discovery sought:**

The Parties hope to settle this case in the coming months through continued settlement negotiations and attendance at mediation. However, the Parties anticipate the need for written discovery and as the matter proceeds if a settlement is not reached, including additional interrogatories and requests for production.

The Plaintiffs also anticipate the need for depositions from relevant witnesses in this matter, including employees of Defendant SEIU 775 having personal knowledge of the matters included herein. Defendant also anticipates the need for depositions of Plaintiffs.

**F. Phasing motions:**

At this time, the Parties are not aware of any issues concerning the phasing of discovery that require a decision by the Court.

**G. Preservation of discoverable information:**

The Parties are agreeable to subjecting this matter to the Western District of Washington's Model Protocol for Discovery of Electronically Stored Information in Civil Litigation.

**H. Privilege issues:**

At this time, the Parties are not aware of any issues concerning privilege that require a decision by the Court.

**I. Model Protocol for Discovery of ESI:**

The Parties are agreeable to subjecting this matter to the Western District of Washington's Model Protocol for Discovery of Electronically Stored Information in Civil Litigation.

**J. Alternatives to Model Protocol:**

At this time, the Parties do not foresee the need for alternatives to or modifications of the

No. 3:18-cv-5535-MJP
JOINT STATUS REPORT AND
DISCOVERY PLAN

6

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Western District of Washington's Model Protocol for Discovery of Electronically Stored Information in Civil Litigation, but will promptly advise the Court, should such a need arise.

**6. Date by Which Discovery Can Be Completed:**

The Parties suggest a deadline for the completion of discovery of February 18, 2022.

**7. Whether the Case Should be Bifurcated:**

The Parties do not agree to bifurcation of the matters contained in Plaintiff's Second Amended Complaint [ECF No. 47], in any respect.

**8. Whether the Court Should Dispense With Pretrial Statements & Order:**

The Parties do not agree to the Court's dispensing with the pre-trial statements and Order called for by Local Civil Rules 16(d), (h), (i), and (k).

**9. Whether the Parties Intend to Utilize the Individualized Trial Program or Any ADR Options:**

As noted above, the Parties are agreeable to attending either mediation or a Court-supervised settlement conference. The Parties do not, however, intend to utilize the Individualized Trial Program.

**10. Suggestions for Shortening or Simplifying the Case:**

None known at this time. The Parties agree to continue exploring how they may stipulate to various matters in order to expedite and streamline these proceedings, as may be appropriate, and will promptly advise the Court of any such stipulations.

**11. Date the Case Will Be Ready for Trial:**

The Parties anticipate that this matter will be ready for trial in June, 2022.

**12. Whether Trial Will Be Jury or Non-Jury:**

No Party has requested a jury trial.



**13. The Number of Trial Days Required:**

The Parties anticipate that three (3) to five (5) trial days will be necessary.

**14. The Names, Addresses and Telephone Numbers of All Trial Counsel:**

Robert A. Bouvatte, Jr., WSBA #50220
ROBERT A. BOUVATTE, PLLC
1806 65th Court SE
Tumwater, WA 98501
rbouvatte@freedomfoundation.com
rbouvattelaw@gmail.com
bob@rbouvattepllc.com
T: (904) 505-3175

James G. Abernathy, WSBA #48801
FREEDOM FOUNDATION
P.O. Box 552
Olympia, WA 98507-9501
jabernathy@freedomfoundation.com
T: (360) 956-3482

*Attorneys for Plaintiffs*

FRANK FREED SUBIT & THOMAS
Michael C. Subit, WSBA # 29189
705 Second Avenue, Suite 1200
Seattle, WA  98104
(206) 682-6711
msubit@frankfreed.com

ALTSHULER BERZON LLP
Scott A. Kronland
177 Post St., Suite 300
San Francisco, CA 94108
(415) 421-7151
skronland@altber.com

*Attorneys for Defendant*

No. 3:18-cv-5535-MJP
JOINT STATUS REPORT AND
DISCOVERY PLAN

8



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

***15. Dates on Which Trial Counsel May Have Complications in Setting Trial:***

Plaintiff's counsel is not, at this time, aware of potential conflicts in the setting of trial on or around June, 2022.

Defendants' counsel (Mr. Subit) has a lengthy trial scheduled to begin on April 4, 2022, in King County Superior Court. He also has a trial anticipated to begin in June 2022 in Judge Lasnik's court.

***16. Service of Process on Defendants:***

At this time, service of process has been completed upon all Defendants named in the Second Amended Complaint [ECF No. 47].

***17. Whether Any Party Wishes for a Scheduling Conference:***

None of the Parties desires a scheduling conference to be held before the Court enters a scheduling order in this case.

Respectfully submitted this <u>10th</u> day of August, 2021.

/s/ Robert Bouvatte
Robert A. Bouvatte, Jr., WSBA #50220
ROBERT A. BOUVATTE, PLLC
1806 65th Court SE
Tumwater, WA 98501
T: (904) 505-3175
rbouvatte@freedomfoundation.com
rbouvattelaw@gmail.com
bob@rbouvattepllc.com

James G. Abernathy, WSBA #48801
FREEDOM FOUNDATION
P.O. Box 552
Olympia, WA 98507-9501
T: (360) 956-3482
F: (360) 352-1874
jabernathy@freedomfoundation.com

*Attorneys for Plaintiff*

No. 3:18-cv-5535-MJP
JOINT STATUS REPORT AND
DISCOVERY PLAN

9


P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

FRANK FREED SUBIT & THOMAS LLP

By: /s/ Michael C. Subit
Michael C. Subit, WSBA # 29189
705 Second Avenue, Suite 1200
Seattle, WA 98104
msubit@frankfreed.com
T:206-682-6711
F:206-682-0401

ALTSHULER BERZON LLP
Scott A. Kronland
177 Post St., Suite 300
San Francisco, CA 94108
(415) 421-7151
skronland@altber.com

*Attorneys for Defendant SEIU 775*

# CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel/parties of record. I hereby certify that no other parties or to receive notice.

Signed this 10th day of August 2021.

/s/ Jennifer Matheson
Jennifer Matheson

No. 3:18-cv-5535-MJP
JOINT STATUS REPORT AND
DISCOVERY PLAN

11



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874